No. 14,135.

STATE EX REL. JAMES J. WOULFE VS. JOHN ST. PAUL, JUDGE DIVISION "C," ACTING, ETC., ET ALS.

| 107 | 777 |
| 109 | 801 |
| 109 | 803 |
| 109 | 807 |
| 109 | 813 |

SYLLABUS.

1.  Act 30 of 1877 prohibiting municipal corporations from incurring in any one year expenditures in excess of the revenues of the year, and requiring the revenues of each year to be devoted to the expenses of the year, and prohibiting municipal corporations from issuing evidences of indebtedness, precludes the city of New Orleans from entering into a contract by which the cost of paving a street is to be paid for out of the revenues of future years, and is to be settled for in the meantime by the issuance of interest bearing certificates.

2.  It makes no difference that the payments are to be made out of that part of these future revenues required by law to be reserved for public improvements; by being so reserved these revenues do not cease to be part of the revenues of the years in which they are collected, and as such required to be devoted to the expenses of those years.

3.  The case of Railroad Company vs. Police Jury of Bienville, 48th Ann. 331, distinguished.

A PPLICATION for writs of *Mandamus, Certiorari* and Prohibition.

*Edward Rightor,* for Relator.

Respondent Judge *pro se.*

*Samuel L. Gilmore,* City Attorney, for the City of New Orleans, Respondent.

*McCloskey & Benedict,* for Louisiana Improvement Company, Respondent.

The opinion of the court was delivered by PROVOSTY, J.

Mr. Justice BREAUX and Mr. Justice BLANCHARD dissent, each handing down a separate opinion.

### APPLICATION FOR MANDAMUS.

PROVOSTY, J. Our supervisory powers are invoked to compel the respondent judge to grant an injunction restraining the City of New Orleans from entering into a certain contract with the Louisiana Improvement Company for paving with asphalt certain parts of Canal street, the principal street of the city.

Of the numerous grounds of injunction set forth in his petition the relator presses upon our attention only two.

The first of these is that two-thirds of the work called for by the contract in question is to be met by means of an illegal assessment imposed upon the property abutting upon the parts of street to be paved, and that the relator as owner of some of the property so abutting has an interest in resisting the assessment: said assessment being illegal for the reason that there exists a contract between the city and the Rosetta Gravel Company by which the said company is obligated to pave with gravel and keep in good order for ten years, and at the end of ten years to deliver, in good order, the same parts of street now about to be again contracted for, and that the said contract and also the assessment imposed under it having two more years to run, the work of putting the said parts of street in good condition and of keeping them so should be done by means of the enforcement of the said contract, and not by means of a new contract and an additional assessment.

This ground is not borne out by the facts. The evidence shows that the Rosetta Gravel Company has gone into the hands of a receiver, and that its contract is not enforceable; also that the city has made a *bona fide* but fruitless effort to put the parts of street in question in proper condition at her own expense, and that the present measure for putting the said parts of street in proper condition is wise and necessary. Evidently there is not here a case of abuse of power.

There is no force in the contention that the city should pay for this work out of her general treasury. The taxes levied from the whole city are for the use of the whole city, and the discretion of the city authorities cannot be controlled by the courts in the matter of determining upon what particular streets the avails of those taxes shall be bestowed. In all probability the city could not expend this large amount on the particular parts of street in question without detriment to other streets having equal claims upon the fund out of which the amount would be abstracted.

The other ground of injunction is that the city's portion of the cost of the work, under the contract, is proposed to be paid for in a manner prohibited by law.

The work is to be done in 1901, and it is proposed to pay the city's portion of the cost of it out of the revenues of the years 1902, 1903 and 1904; and furthermore it is proposed to issue certificates of completion of work, which certificates are to bear six per cent. *per annum* interest.

Act 30 of 1877 provides, as follows:

"Sec. 1. That no Police Jury of any parish, nor any municipal corporation in this State, shall make any appropriation of money for any year, which appropriation, separately or together with any other appropriation or appropriations of the same year, shall be in excess of the actual revenues of said parish or municipal corporation for that year.

"Sec. 2. That no Police Jury of any parish, nor any municipal poration in this State, shall approve any claim, or make any expenditure, which shall, separately or together with other claims approved or expenditures made, be in excess of the actual revenues of that year.

"Sec. 3. That the revenues of the several parish and municipal corporations of this State, of each year, shall be devoted to the expenditures of that year; provided that any surplus of said revenues may be applied to the payment of the indebedness of former years.

"Sec. 5. That no (evidence of indebtedness) or warrant for the payment of money shall, after the first day of October, eighteen hundred and seventy-seven, be issued by any parish or municipal corporation in this State, except against money actually in the treasury of said parish or municipal corporation. Any person violating the provisions of this section shall, on conviction, be punished by imprisonment, or fine, or both, at the discretion of the court; provided, that this section shall not apply to the certificates issued to jurors and witnesses for their services in the court."

Section 2 of this act provides that no municipal corporation shall make any expenditure in excess of the revenues of the year in which the expenditure is made. This contract proposes to make an expenditure in excess of the revenues of the year. Section 3 provides that the revenues of municipal corporations of each year shall be devoted to the expenditures of the year. This contract proposes to devote part of the revenues of 1902, 1903 and 1904 to an expenditure of the year 1901. Section 5 provides that no evidence of indebtedness shall be issued by any municipal corporation. This contract proposes to pay for the work by issuing so-called certificates of payment to bear six *per cent. per annum* interest. The contract, therefore, is proposed to be entered into right in the teeth of three of the express prohibitions of the act.

It is argued that because these certificates are not warrants, and because they are payable out of a portion of the revenues of the years 1902, 1903 and 1904, required by law to be reserved for improvements, therefore the certificates and the expenditure are not obnoxious to this law. But this law prohibits the issuance not alone of warrants, but also of evidences of indebtedness, and these certificates are most unquestionably evidences of indebtedness; they are issued for the very and express purpose of serving as such, and would not be issued at all if not to be useful as such; and this reserved portion of the revenues of 1902, 1903 and 1904 does not by the fact of being reserved for public improvements cease to be part of the revenues of those years.

Paving Co. vs. City, 43 Ann. 464.

So stringent and sweeping did the framers of this law consider it to be that they thought that under its provisions it would not be possible to pay an expenditure of a previous year even out of a surplus; and that it would not be possible to issue even certificates to jurors and

State ex rel. Woulfe vs. Judge.

witnesses; and so thinking they put special *provisos* in the act to permit the doing of these things. But by this contract it is proposed to devote to an expenditure of a previous year, not a surplus, but revenues reserved for the expenses of the year in which they are reserved; and it is proposed to issue not mere certificates, but interest-bearing certificates. To permit this would be not to interpret this law, but to nullify it.

The case of Railroad Company vs. Police Jury of Bienville, 48 Ann. 331, is distinguishable from the present one by the fact that there the expenditure involved was one as to which the Police Jury had no discretion, an expenditure incurred under a mandatory statute requiring the Police Jury to provide a courthouse, Section 2746 Rev. Stat.; whereas here the expenditure, while useful and judicious, is entirely discretionary. The court may have been justified in holding in that case that the expenditure in question came within the spirit if not within the express letter of the *proviso* permitting certificates to be issued to witnesses and jurors, a courthouse being about as indispensable for the administration of justice as are witnesses and jurors; but the court would be wholly and plainly unjustified in exempting from the statute an expenditure such as the one in the present case, coming squarely within both the letter and the spirit of the prohibition of the statute. The spending of revenues in advance, as is proposed to be done by this contract, was the very evil aimed at by the statute.

It is, therefore, ordered, adjudged and decreed, that the *mandamus* prayed for herein be made peremptory at the cost of the respondent.

Rehearing refused.